**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**AARON B. LOGGINS, JR.,**

**Plaintiff,**

**v.**                                      **CIV 11-0195 KBM/DJS**

**CITY OF ALBUQUERQUE, et al.,**

**Defendants.**

# MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment (Doc. 39), filed June 28, 2011. Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73(b), the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 6, 28, 48.* As set forth in more detail below, I find the Motion to be well-taken and will therefore GRANT the motion.

## I.    Factual Background

Plaintiff is a City of Albuquerque employee, formerly a Case Management Specialist with the Albuquerque Recovery Program ("ARP"). *See 1st Amended Complaint (Doc. 42)* at 5. He alleges he was subjected to illegal discrimination based on his gender, race, ethnicity, and age. *See id.* Additionally, Plaintiff contends he was retaliated against and denied his right to equal protection. *See id.* He sues not only the City but fifteen individual defendants.

Defendants seek summary judgment on all claims, arguing that there are no acts of actionable discrimination. *See Memo. In Supp. of Motion for Simm. Judgmt. (Doc. 40)* at 2. According to Defendants, Plaintiff's complaints of co-workers slamming doors, being unproductive, and speaking harshly to him, do not amount to illegal discrimination or other

violations of Plaintiff's rights.  *See id.*  Moreover, Defendants argue that Plaintiff's transfer from

the ARP, which was eliminated shortly thereafter, to another City program constitutes a lateral

transfer without any loss of pay or other benefits.  *See id.* at 2-3.

## II.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED.

R. CIV. P. 56(a).  A "genuine" dispute exists where the evidence is such that a reasonable jury

could resolve the issue either way.  *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670

(10th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91

L.Ed.2d 202 (1986)).  A mere scintilla of evidence in the non-movant's favor is not sufficient.

*Anderson*, 477 U.S. at 252.  However, the court must consider all the evidence in the light most

favorable to party opposing summary judgment.  *See Trask v. Franco*, 446 F.3d 1036, 1043 (10th

Cir. 2006).

Both the movant and the party opposing summary judgment are obligated to "cit[e] to

*particular parts* of materials in the record" to support their factual positions.  FED. R. CIV. P.

56(c)(1)(A) (emphasis added).  Alternatively, parties may "show[] that materials cited do not

establish the absence or presence of a genuine dispute, or that an adverse party cannot produce

admissible evidence to support the fact."  FED. R. CIV. P. 56(c)(1)(B).  *See also Medlock v.*

*United Parcel Service, Inc.*, 608 F.3d 1185, 1189 (10th Cir. 2010) ("[I]f the matter in issue

concerns an essential element of the nonmovant's claim, the moving party may satisfy the

summary judgment standard 'by identifying a lack of evidence for the nonmovant on [that]

element.'" (internal quotation and citation omitted) (alteration in original)).  Materials cited to

establish the presence or absence of a genuine dispute must be in a form that would be

admissible in evidence.  FED. R. CIV. P. 56(c)(2).

The court need only consider the materials cited by the parties.  FED. R. CIV. P. 56(c)(3).
In the event that a party fails to cite materials or otherwise properly address another party's
assertion of fact, the court may consider the fact undisputed and, if the motion and supporting
materials show that the movant is entitled to it, grant summary judgment.  FED. R. CIV. P. 56(e).
The court is also empowered to grant summary judgment, if appropriate, independent of the
motion after giving notice and a reasonable time to respond.  FED. R. CIV. P. 56(f).

Where the nonmovant is unable to respond to a motion for summary judgment because
necessary facts are unavailable, he must provide an affidavit or declaration setting forth the
reasons why essential facts are not available.  FED. R. CIV. P. 56(d).  Failure to provide such an
affidavit, "which allows a party to obtain a deferral of a summary judgment ruling pending
further discovery if the affidavit identifies the probable facts not available, the steps taken to
obtain these facts, and how additional time would enable the plaintiff to rebut the defendant's
allegations," can result in the court's granting of the summary judgment motion.  *See Marquez v.
Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006).  *See also Johnson v. Roberts*, 410 Fed.
App'x. 104, 107 (10th Cir. 2010) (clarifying that the present Rule 56(d) was previously labeled
Rule 56(f)).

### III.    Analysis

**A.    Plaintiff Has Not Satisfied His Obligations Under Rule 56(d).**

Plaintiff contends that "[i]t is simply too early in litigation for Summary Judgment to be
properly briefed and opposed."  *Doc. 55* at 2.  In fact, "a party may file a motion for summary
judgment at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).

Although Plaintiff further argues that he "cannot reasonably be expected to say what the

facts are and not genuinely disputed [sic] in good faith without the benefit of discovery," *see Doc. 55* at 2, he has not set forth any probable facts or evidence that are as yet unavailable to him, *see generally Doc. 55.*  Plaintiff's Affidavit sets forth his disagreement with other affidavits in the case.  *See Doc. 55* at Ex. F, ¶ 6.  But Plaintiff does not refer to a single specific fact or piece of evidence that is needed for him to respond fully to the pending summary judgment motion.  *See generally id.*  Likewise, Plaintiff does not indicate what steps he has taken to discover such facts or evidence nor how additional time would enable him to respond to the pending summary judgment motion.  *See id.*  Such information is necessary in order for the Court to delay consideration of summary judgment.  *See, e.g., Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992) (holding that the Rule 56 affidavit must "explain why facts precluding summary judgment cannot be presented," including "identifying the probable facts not available and what steps have been taken to obtain these facts").

Because Plaintiff's Affidavit does not contain the required information, the Court will not delay ruling on Defendants' Motion for Summary Judgment.

**B.      Plaintiff Lacks Necessary Evidence of Adverse Employment Action.**

On this motion for summary judgment, I have considered as evidence the allegations of the verified First Amended Complaint as well as Plaintiff's affidavit made under penalty of perjury, *Doc. 55* at Exh. F, and occasionally may refer to them as "allegations."  However, Plaintiff should rest assured that I have given the allegations due consideration as evidence and viewed them in the light most favorable to him.

Plaintiff alleges discrimination on the basis of his gender, race, ethnicity, and age.  *See Doc. 42* at 5, ¶¶ 20-21.  "To make out a prima facie case of discrimination, [Plaintiff] must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3)

4

disparate treatment among similarly situated employees." *Orr v. City of Albuquerque,* 417 F.3d 1144, 1149 (10th Cir. 2005) (concerning gender discrimination). *See also Carney v. City and County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) (noting same elements in a case concerning race discrimination). To establish a claim for age discrimination, Plaintiff must "prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." *Gross v. FBL Financial Servs., Inc.*, 129 S. Ct. 2343, 2352 (2009). Thus, evidence of adverse employment action is required to prove each of Plaintiff's discrimination claims.

"The Tenth Circuit has liberally defined the phrase 'adverse employment action,' and takes a case-by-case approach, examining the unique factors relevant to the situation at hand." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1040 (10th Cir. 2011) (internal quotations omitted). Generally, "adverse employment action" includes only those "acts that constitute a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *See id.* (quoting *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1222 (10th Cir. 2006)). A mere inconvenience does not constitute adverse employment action. *See id.* (citing *Sanchez v. Denver Pub. Schs.*, 164 F.3d 527, 532 (10th Cir. 1998)). "A plaintiff must show that the alleged adverse action caused more than '*de minimis* harm' to or a '*de minimis* impact' upon an employee's job opportunities or status." *Id.* (quoting *Hillig v. Rumsfeld*, 381 F.3d 1028, 1033 (10th Cir. 2004)).

Here, Plaintiff complains about a number of disagreements and unpleasant interactions with his co-workers. He contends that one of his Hispanic co-workers told him, "We take care of our own," while other Hispanic co-workers called him names. *See Doc. 42* at ¶¶ 28, 30, 42.

Co-workers also allegedly laughed when a patient threw a rock at Plaintiff.  *See id.* at ¶ 33.  One co-worker in particular, Larry Archuleta, allegedly singled out Plaintiff by slamming his door and ringing the building's door buzzer then honking his horn when Plaintiff answered.  *See id.* at ¶ 58.  Plaintiff also contends that Mr. Archuleta tried to run him over in a parking lot.  *See id.* at ¶ 62.  Plaintiff filed a report expressing his safety concerns due to the alleged incident, and in response to those concerns, Plaintiff was shortly thereafter reassigned to the Albuquerque Housing Authority.  *See id.* at ¶ 81; *Doc. 40* at 10.  The undisputed evidence establishes that at the time of the expedited transfer, Personnel Officer Anthony Romero knew that within months the ARP would be disbanded and Plaintiff's position eliminated.  The reassignment to the City's housing program was lateral; he did not lose any pay or other benefits as a result.  *See Doc. 40* at 5-6.

Even viewing the facts in the light most favorable to Plaintiff, there is no indication that Plaintiff experienced an adverse employment action or even action that a reasonable employee would find materially adverse.  The Tenth Circuit has recognized that "alleged snubs, though surely unpleasant and disturbing, are insufficient to support a claim of retaliation under our case law."  *Johnson v. Weld County, Colo.*, 594 F.3d 1202, 1216 (10th Cir. 2010) (collecting cases).  While co-worker harassment can theoretically rise to the level of actionable retaliation, "management-level or supervisory personnel must either have orchestrated or have known about and condoned the conduct of [the plaintiff's] co-workers."  *Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1265 (10th Cir. 1998).  In this case, Plaintiff's complaints appear to be consistent with "snubbing"-type behavior – he claims that he was called names and laughed at, until approximately October 2010, when he alleged a co-worker attempted to run him over and an unknown person slashed his tires.  Once Plaintiff began to present safety concerns in writing, the

City arranged for Plaintiff's lateral transfer, refuting any implication that City management was involved in the alleged co-worker harassment.[1]

With regard to Plaintiff's transfer, the Tenth Circuit has held that "[i]f a transfer is truly lateral and involves no significant changes in an employee's conditions of employment, the fact that the employee views the transfer either positively or negatively does not of itself render the denial or receipt of the transfer [an] adverse employment action." *Sanchez*, 164 F.3d at 532,n.6. *See also LePique v. Hove*, 217 F.3d 1012, 1013 (8th Cir. 2000) (holding that "a decision to transfer an employee to another city, a transfer that the employee did not want, is not an adverse employment action of sufficient consequence to justify an action under Title VII, assuming, as is the case here, that the job to which the employee is being transferred is of equal pay and rank

---

[1]  Plaintiff asserts that I cannot consider the evidence submitted by Defendants because the documents have not been properly authenticated.  Indeed, the better practice is to submit an affidavit by a person with knowledge declaring that the submissions are what they purport to be – that is, that they are authentic.  Such an affidavit is not necessarily required, however.  As the Tenth Circuit has held:

> We do not require an affidavit to authenticate every document submitted for consideration at summary judgment.  Rather, documents produced during discovery that are on the letterhead of the opposing, producing party are authentic per se for purposes of Federal Rule of Evidence 901. . . . [E]xhibits might be sufficiently authenticated taking into consideration the "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances," 901(b)(4), even if they do not appear on [] letterhead.

*Law Co., Inc. v. Mohawk Const. and Supply Co., Inc.*, 577 F.3d 1164, 1170 -1171 (10th Cir. 2009); *see also Abreu v. N.M. CYFD*, ___ F. Supp.2d ___, 2011 WL 2533048 at n.5 (D.N.M. 2011) (Judge Browning finding sufficient circumstantial evidence to support a document's authenticity and that thus admissible evidence for summary judgment).  I have carefully considered the documents submitted by the parties, and I find sufficient indicia of reliability of authenticity and no reason to believe that they are anything other than what they are purported to be.

with no material change in working conditions").

Lacking the required evidence of adverse employment action, or action that a reasonable employee would find materially adverse, Plaintiff's claims of discrimination and retaliation necessarily fail.

**C.      Plaintiff's Claims of General Harassment, Not Tied to Race or Gender, Will Not Support a Hostile Work Environment Claim.**

To support a hostile work environment claim, Plaintiff must show that a rational jury could find that his workplace was "permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005). "[M]ere utterance of an . . . epithet which engenders offensive feelings in a employee does not sufficiently affect the conditions of employment to implicate Title VII." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 22 (1993) (internal citations omitted). Generally, a "steady barrage of opprobrious [] comments" is required. *See Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (internal quotations omitted).

For such harassment to be actionable, it must also stem from racial or gender-based animus. *See Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005). "Facially neutral abusive conduct can support a finding of gender [or racial] animus sufficient to sustain a hostile work environment claim when that conduct is viewed in the context of other, overtly [racial or] gender-discriminatory conduct." *O'Shea v. Yellow Tech. Servs.*, 185 F.3d 1093, 1097 (10th Cir. 1999). However, "[a] plaintiff cannot meet this burden by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs." *Chavez*, 397 F.3d at 832.

The conduct alleged by Plaintiff in the present case simply does not rise to the level of a

hostile work environment.  First, the conduct alleged is neither sufficiently severe nor pervasive.

Plaintiff's allegations do not establish a "steady barrage of opprobrious comments."  *See*

*Herrera*, 474 F.3d at 680.  Second, the conduct alleged does not appear to arise from any gender

or racial animus.  Although Plaintiff alleges that a Hispanic co-worker asserted on one occasion,

"We take care of our own," *see Doc. 42* at ¶ 28, this isolated incident is not sufficient to support

a claim of hostile work environment.  *See Chavez*, 397 F.3d at 832.

**D.      Plaintiff's Class-of-One Equal Protection Arises From His Public Employment and Is Accordingly Not Actionable.**

The contours of Plaintiff's equal protection claim are not clear, as his First Amended

Complaint states only that "Plaintiff was not afforded his right to equal protection."  *Doc. 42* at ¶

24.  To establish a class-of-one equal protection claim, Plaintiff must show that he "has been

intentionally treated differently from others similarly situated and that there is no rational basis

for the difference in treatment."  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The rational basis portion of the class-of-one test requires government action that is "spiteful"

and undertaken "for reasons wholly unrelated to any legitimate state activity."  *Mimics, Inc. v.*

*Village of Angel Fire*, 394 F.3d 836, 849 (10th Cir. 2005).  "The paradigmatic 'class of one' case,

[] sensibly conceived, is one in which a public official, with no conceivable basis for his action

other than spite or some other improper motive (improper because unrelated to his public duties),

comes down hard on a hapless private citizen."  *Kansas Penn Gaming, L.L.C. v. Collins*, ___

F.3d ___, 2011 WL 3849751 at *4 (10th Cir., Sept. 1, 2011) (quoting *Lauth v. McCollum*, 424

F.3d 631, 633 (17th Cir. 2005)).

In addition to the onerous burden of proof for a class-of-one claim, the Supreme Court

has held that such a claim "is simply a poor fit in the public employment context."  *Engquist v.*

*Oregon Dept. of Agr.*, 553 U.S. 591, 605 (2008).  Finding that such a claim "is simply contrary to the concept of at-will employment," *id.* at 606, and that "ratifying a class-of-one theory of equal protection in the context of public employment would impermissibly 'constitutionalize the employee grievance, '" *id.* at 609, the Supreme Court concluded that "the class-of-one theory of equal protection has no application in the public employment context."  *Id.* at 607.

Because Plaintiff's claims arise entirely from the public employment context, his equal protection class-of-one claim cannot survive summary judgment.

Wherefore,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment *(Doc. 39)* is GRANTED, and Plaintiff's claims are dismissed in their entirety, with prejudice.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent